UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

WILLIAM J. R. EMBREY, )
)
    Petitioner, ) Civil Action No. 13-CV-20-HRW
)
V. )
)
UNITED STATES, *et al.*, ) **MEMORANDUM OPINION**
) **AND ORDER**
    Respondents. )

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

William J. R. Embrey is an inmate confined in the Federal Correctional Institution in Ashland, Kentucky. Proceeding without an attorney, Embrey has filed a "Petition Requesting Writ Ordering Petitioner Released From His Unconstitutional Confinement" [D. E. No. 1], construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and an amended petition [D. E. No. 5]. Embrey collaterally challenges his conviction for felony possession of a firearm, alleging that it violates both the Second and Fifth Amendments to the U.S. Constitution.

The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because Embrey is not represented by an attorney, the Court reviews his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007);

*Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the court accepts Embrey's factual allegations as true and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

The Court has reviewed the petition, but will deny it as an abuse of the writ because Embrey unsuccessfully asserted the same constitutional challenges in prior § 2241 petitions and therefore can not re-litigate the same issues in this proceeding.

## BACKGROUND

In 2000, Embrey pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and received a 262-month prison sentence. *United States v. Embrey*, No. 6:98-CR003095 (W.D. Mo. 1998). On appeal, the Eighth Circuit affirmed Embrey's sentence and rejected his argument that § 922(g) was unconstitutional, stating that his claim "is foreclosed by *United States v. Larry*, 126 F.3d 1077, 1078 (8th Cir. 1997) (finding Section 922(g) a valid exercise of Congress' power to regulate commerce) (*per curiam*)." *United States v. Embrey*, 250 F.3d 1181, 1184 (8th Cir. 2001). Embrey then filed a motion to vacate his

sentence under 28 U.S.C. § 2255, alleging that the Constitution forbids imprisonment for the possession of legal firearms. The sentencing court denied that motion, and the Eighth Circuit subsequently denied his application for leave to file a second or successive motion under § 2255.

Thereafter, Embrey filed a 28 U.S.C. § 2241 petition for writ of habeas corpus in a Texas federal court, arguing that his conviction for felony possession of a firearm under § 922(g) was invalid pursuant to *United States v. Emerson*, 270 F.3d 203 (5th Cir. 2001). *Embrey v. Morrisson*, No. 1:02-CV-844 (E.D. Tex. 2002). The court dismissed the petition and the Fifth Circuit affirmed, stating that Embrey had failed to demonstrate that his remedy under 28 U.S.C. § 2255 had been inadequate or ineffective to challenge the validity of his sentence. *Embrey v. Morrison*, 82 F. App'x 394 (5th Cir. 2003).

After Embrey was transferred to a federal prison in Wisconsin, he filed another § 2241 petition challenging his firearm conviction. *Embrey v. Martinez*, No. 3:06-CV-00698 (W. D. Wis. 2006). Embrey argued that his conviction had been obtained in the absence of jurisdiction because the offense occurred within and under the jurisdiction and sovereignty of the State of Missouri, and that his conviction for being a felon in possession of a firearm was illegal under the Second Amendment of the U.S. Constitution, which he argued granted him the inalienable right to possess

3

a legal firearm. The district court dismissed the § 2241 petition, finding that Embrey had failed to demonstrate that his remedy under § 2255 had been inadequate or ineffective to test the legality of his detention. *Embrey v. Martinez*, No. 06-C-698-C, 2006 WL 3626339 (W. D. Wis. Dec. 11, 2006).

The Wisconsin court further noted that at that time, Embrey had filed 79 civil repetitive and frivolous actions in various federal courts all over the country challenging the validity of his firearm conviction in hopes convincing a federal judge that he had been improperly charged and convicted. *Id.* at *1. The court observed that "...it appears clear that petitioner is determined not to take 'no' for an answer." *Id.* Noting the strain that Embrey's abusive filings placed on its judicial resources, the court also invoked a procedure which restricted Embrey's ability to file future frivolous petitions in that district. *Embrey*, 2006 WL 3626339, at *2.

After Embrey was transferred to FCI-Ashland, he filed two more § 2241 petitions - one in 2009 and another in 2011 - again alleging that federal authorities lacked jurisdiction to charge him with being a felon in possession of a firearm, and/or that his rights under the Second Amendment gave him the unfettered right to possess firearms. This Court noted Embrey's vexatious litigation practices, but denied both petitions because Embrey had not demonstrated that his remedy under § 2255 had been inadequate and ineffective to challenge his § 922(g) conviction. *Embrey v.*

4

*Cauley*, No. 0:09-CV-78-HRW (E.D. Ky. 2009) [R. 5 therein]; *Embrey v. Holland*, No. 0:11-CV-47-HRW (E.D. Ky. 2011) [R. 8 therein], *aff'd*, *Embrey v. Holland*, No. 11-5923 (6th Cir. Apr. 26, 2012).

The arguments which Embrey advances in his current § 2241 petition are the same arguments he unsuccessfully asserted in his previous efforts to obtain collateral relief under § 2241: that irrespective of his felon status, he is an American citizen who possesses the unfettered right to possess and bear arms under the Second and Fifth Amendments of the U.S. Constitution, and that the felon in possession statute under which he was convicted, 18 U.S.C. § 922(g), violates the federal constitution.

## DISCUSSION

The abuse of the writ doctrine bars consideration of the merits of Embrey's claims. Embrey filed a direct appeal of his § 922(g) conviction, unsuccessfully arguing that it violated the federal constitution. Embrey has since collaterally challenged his federal firearm conviction on Second Amendment and related grounds numerous times in several venues; has been unsuccessful in all such attempts to set aside or call his conviction into question; and will not be permitted to re-litigate the same Second Amendment argument in this proceeding. A district court may refuse to entertain a repeat application for the writ by a federal prisoner "if it appears that the legality of such detention has been determined by a judge or court of the United

States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a).

While principles of claim and issue preclusion do not apply in the habeas context in the same manner as they do to a civil claim, *McClesky v. Zant*, 499 U.S. 467, 480–81 (1991) ("*res judicata* does not apply 'to a decision on habeas corpus refusing to discharge the prisoner.'"), *but see Smith v. Reno*, 3 F. App'x 403 (6th Cir. 2001) (applying doctrine of claim preclusion to bar reassertion of claims previously considered and rejected in prior habeas corpus petition filed pursuant to Section 2241), the abuse of the writ doctrine serves a similar role in counseling against considering the merits of the same claim presented in successive habeas corpus petitions. *Dietz v. U.S. Parole Comm'n*, 260 F. App'x 763, 766 (6th Cir. 2008); *Rosales–Garcia v. Holland*, 322 F.3d 386, 398–99 n. 11 (6th Cir. 2003).

"[W]here a prisoner files a petition or engages in other conduct that 'disentitle[s] him to the relief he seeks,' the federal court may dismiss the subsequent petition on the ground that the prisoner has abused the writ." *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n. 6 (1985) (internal citations omitted); *see also Zayas v. INS*, 311 F.3d 248, 255 (3rd Cir. 2002) (Section 2241 habeas petitions are subject to abuse of the writ doctrine). Embrey's attempt to again challenge his felon-in-possession conviction in this proceeding on the same grounds repeatedly raised before and

rejected by numerous other courts constitutes an abuse of the writ. *See Allen v. Wilson*, No. 11–001–GFVT, 2011 WL 165389, at *2 (E.D. Ky. January 19, 2011) (the abuse of the writ doctrine precluded consideration of a claim which had been presented in successive habeas corpus petitions); *Skinner v. Hastings*, No. 7:05-370-DCR, 2006 WL 2457934, at *4 (E.D. Ky. Aug. 22, 2006) (same).

Under these facts, Embrey is not entitled to relief because the Court will not address the merits of his claims. The Court will deny the § 2241 petition and amended petition as an abuse of the writ and dismiss this proceeding with prejudice.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. William J. R. Embrey's petition for a writ of habeas corpus [D. E. No. 1] and amended petition [D. E. No. 5] are **DENIED**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This March 12, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge